IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STEVEN SHAW,                                                                                                 PLAINTIFF
ADC # 500760

v.                              4:23CV01137-DPM-JTK

DEXTER PAYNE, et al.                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.   Introduction**

Steven Shaw ("Plaintiff") is in custody at the North Central Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1, 6, 7). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 7). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.)

On March 11, 2024, Plaintiff filed an Amended Complaint. (Doc. No. 8). On March 14, 2024, Plaintiff filed a Supplementary Addendum. (Doc. No. 9). In his Supplementary Addendum, Plaintiff asked the Court to hold screening in abeyance for one week to allow Plaintiff

to file an additional supplement. (Doc. No. 9 at 3). Plaintiff filed additional supplements on March 18 and March 22, 2024. (Doc. Nos. 10-12).

As the Court of Appeals for the Eighth Circuit has indicated, pleadings should be read together and construed so as to do justice. Kiir v. N. Dakota Pub. Health, 651 F. App'x 567, 568 (8th Cir. 2016); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). Accordingly, the Court will treat Plaintiff's allegations (Doc. Nos. 8-12) as if set out in one Complaint.

The Court will now continue screening Plaintiff's claims.

**II.     Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Discussion**

Plaintiff filed this § 1983 lawsuit against the Arkansas Republican Party, Governor Sarah Huckabee-Sanders, Lieutenant Governor and former Arkansas Attorney General Leslie Rutledge, Arkansas Attorney General Tim Griffin, Alex Jones (the host of "Info Wars"), Free Speech Systems LLC, ADC Director Dexter Payne, and multiple other ADC officials.  (Doc. No. 8 at 1-4).   Plaintiff alleges Defendants are involved in a wide-spread conspiracy to "cause the ADC to function as a breeding ground for right-wing political extremism," resulting in dangerous conditions for inmates.  (Id. at 5) (see also Doc. No. 9; Doc. No. 11 at 1-5; Doc. No. 12 at 3-4, 16).  Specifically, Plaintiff asserts that Defendants denied him assistance in separating himself "from a white supremacist and far right political extremist group[]" and punished Plaintiff for trying to do so on his own.  (Doc. No. 8 at 7, 14) (See also Doc. No. 10 at 1-3, 7-9).  Plaintiff also alleges corrective inaction and challenges the ADC's inmate classification system.  (Doc. No. 12 at 5-8, 13-17).  Additionally, Plaintiff complains of certain ADC requirements regarding release on parole and argues the policy treats homeless and poor inmates unfairly.  (Doc. No. 10 at 4; Doc. No. 12 at 9-12).

Plaintiff also alleges the Arkansas Republican Party, Sarah Huckabee-Sanders, Tim Griffin, Leslie Rutledge, Joe Profiri, Dexter Payne, the Senate Oversight Committee, and the Board of Corrections have denied Plaintiff psychiatric care.  (Doc. No. 8 at 11, 27, 29; Doc. No. 10 at 5-6; Doc. No. 12 at 16, 18-21).  Plaintiff seeks declaratory judgment, injunctive relief, and damages.  (Doc. No. 8 at 18-23).

**B.    Personal Capacity Claims**

Plaintiff brought suit under 42 U.S.C. § 1983.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909

F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

### 1. Conspiracy

Plaintiff alleges that Defendants conspired together to deprive him of his rights. A conspiracy claim under 42 U.S.C. § 1983 requires a plaintiff to establish: "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured the plaintiff." Burton v. St. Louis Bd. of Police Com'rs, 731 F.3d 784, 798 (8th Cir. 2013) (internal citations omitted). A claim of conspiracy must be supported by factual allegations sufficient to suggest that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding" and "meeting of the minds." Smith v. Bacon, 699 F.2d 434, 436 (8th Cir. 1983) (internal citation omitted).

Plaintiff did not make allegations sufficient to establish any mutual understanding or meeting of the minds. As such, his conspiracy claims fail. Further, Plaintiff did not provide sufficient factual allegations to state a personal capacity claim against any individual Defendant as to the acts Plaintiff maintains took place as part of the conspiracy.

### 2. Deliberate Indifference to Serious Medical Needs

The "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one

4

that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

Plaintiff alleges Defendants have denied him psychiatric care. This is a troubling assertion. But again, Plaintiff did not provide sufficient factual allegations against any one Defendant for the Court to determine if a Defendant's actions, or inactions, appeared to violate Plaintiff's rights. As a result, any related official-capacity claims also fail.

The Court notes the following allegation: "The ADC mental health case workers that I've spoken to tell me that they have sent many referrals to Dr. Richard but that he refuses to see me." (Doc. No. 21 at 2) (See also Doc. No. 8 at 30). Plaintiff has not named Dr. Richard, or any other medical provider, as a Defendant in this case and does not go into detail regarding this allegation.

### 3. Failure to Protect

To establish failure to protect, a plaintiff must show that there was a substantial risk of harm to him, and that prison officials were deliberately indifferent to that substantial risk. Axelson v. Watson, 999 F.3d 541, 546 (8th Cir. 2021).

5

Plaintiff says that he "had to affiliate with white supremacists for [his] protection and survival." (Doc. No. 10 at 1). Plaintiff acknowledges he is "a listed member of a specific white supremacist group." (Id. at 2). Plaintiff alleges he has "been officially requesting safe housing/protective custody to allow [him] to withdraw from white supremacist membership without exposing [himself] to imminent serious physical injury since 8-8-2021." (Id.). Plaintiff said he notified Defendants Payne, Musselwhite, Pierce, Gray, and Higgins, among others. (Id.). plaintiff complains, in effect, that because there is no safe way to withdraw from the white supremacist gang he has received disciplinaries for refusing general population, which prevented Plaintiff from making parole. (Id. at 9).

Plaintiff did not provide sufficient detail against any Defendant to support a failure to protect claim. Further, it seems that the ultimate harm Plaintiff complains of is not being released on parole. (Id.). There is, however, "'no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" Jackson v. Nixon, 747 F.3d 537, 551 (8th Cir. 2014) (quoting Greenholtz, 442 U.S. at 7). When a prisoner is committed to the Arkansas Division of Correction, "he can be assured of only one thing-that he will be released from the State's custody at the end of the term of years specified by the sentencing court." Richmond v. Duke, 909 F. Supp. 626, 631 (E.D. Ark. 1995). To the extent Plaintiff's alleged harm is not making parole, those allegations fail to state a claim on which relief may be granted.

**The Court reminds Plaintiff that he may file objections to this Recommendation. If Plaintiff wishes to add detail about his alleged denial of psychiatric care claims or failure to protect claims, he may do so in any Objections he wishes to file**. The Court provided Plaintiff detailed instructions of what an Amended Complaint should contain. (Doc. No. 7 at 4). Plaintiff should refer to these instructions if he intends to include additional allegations in any Objections.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in forma pauperis</u> appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 25th day of March, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. <u>Gonzalez v. United States</u>, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in forma pauperis</u> appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 25th day of March, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. <u>Gonzalez v. United States</u>, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."