# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

STEVEN SHAW
ADC #500760                                                        PLAINTIFF

v.                        No. 4:23-cv-1137-DPM

DEXTER PAYNE, Director, ADC;
MUSSELWHITE, Warden, Cummins
Unit, ADC; PIERCE, Assistant Warden,
Cummins Unit, ADC; GRAY, Warden,
North Central Unit, ADC; JACOB
HIGGINS, State Gang Coordinator,
ADC; ARKANSAS REPUBLICAN
PARTY; SARAH HUCKABEE-SANDERS,
Governor, Arkansas; LESLIE RUTLEDGE,
Lt. Governor and former Attorney General;
TIM GRIFFIN, Attorney General, Arkansas;
JOE PROFIRI, Secretary of Corrections,
Arkansas; ALEX JONES; FREE SPEECH
SYSTEMS LLC; and DOES, Unknown
Individual Members of Arkansas Sentate
Committee on ADC Oversight and Arkansas
Board of Corrections                                               DEFENDANTS

## ORDER

1.  Shaw's motion to set aside Judgment, *Doc. 20*, is granted for good cause. Assuming what Shaw said happened is true, he sent in his objections the week of 18 April 2024, but ADC North Central Unit personnel prevented them from being mailed. This circumstance is

grounds for relief from the Judgment under Federal Rule of Civil Procedure 60(b)(3).  This Court's Order and Judgment, *Doc. 17 & 18*, are therefore vacated.  The Court will consider Shaw's objections to the Magistrate Judge's recommendation.

**2.** After *de novo* review, the Court re-adopts Magistrate Judge Kearney's recommendation, *Doc. 13*, and overrules Shaw's objections, *Doc. 21*.  Fed. R. Civ. P. 72(b)(3).

Shaw says that he told Captain Mixon that he needed to be housed in protective custody because a "right wing political extremist/white supremacist group" threatened to assault him. *Doc. 21 at 5-6*.  Captain Mixon, however, is not a defendant in this case. Shaw also details his conversations with Assistant Warden Pierce about the "hit" on him from the group and about a "stab order" on him for being a witness in another prisoner's murder case.  *Doc. 21 at 7-9*.  He says he filed grievances about all of this, but that Director Dexter Payne, Warden Musselwhite, and Assistant Warden Pierce wouldn't allow him to be paroled.  Director Payne, Warden Musselwhite, and Assistant Warden Pierce are defendants.  But Magistrate Kearney is correct that Shaw has no constitutional right to parole.  *Jackson v. Nixon*, 747 F.3d 537, 551 (8th Cir. 2014).

Shaw's amended complaint, as supplemented, will be dismissed without prejudice.  The Court recommends that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  An *in forma pauperis*

appeal from this Order and accompanying Judgment will not be taken in good faith.  28 U.S.C. § 1915(a)(3).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

15 August 2024